James A. REDSLOB,
Respondent-Appellant,

v.

L. Marlene REDSLOB,
Petitioner-Appellee.

No. 3–781A195.

Court of Appeals of Indiana.

April 12, 1982.

Thomas M. Leatherman, Mehl, Mehl, Beeson & Leatherman, Goshen, William L. Soards, Soards & Carroll, Indianapolis, for respondent-appellant.

Brooks C. Pinnick, Herbert H. Bent, Rockhill, Kennedy, Pinnick, Bent & Pequignot, Warsaw, for petitioner-appellee.

GARRARD, Judge.

The parties' marriage was dissolved in August 1977 and custody of their two minor children was placed with the father. In June 1981, the mother petitioned for a change of custody which, after hearing, was granted. This appeal by the father follows.

We commence by briefly reviewing the applicable law. The dissolution of marriage act provides that the court shall enter a custody order in accordance with the best interests of the child. IC 31–1–11.5–21(a). Once custody has been determined, however, IC 31–1–11.5–22(d) provides that the court may modify the award only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable.

Our decisions recognize that the trial court is invested with discretion in determining the best interests of a child and where custody should be reposed. *Loeser v. Loeser* (1974), 160 Ind.App. 236, 311 N.E.2d 636, *cert. denied* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822. Our appellate

review of the trial court's action requires us to view the record upon the basis of the evidence and reasonable inferences therefrom favoring the judgment. We may neither reweigh the evidence nor redetermine questions of credibility. *In re. Lopp* (1977), 173 Ind.App. 74, 362 N.E.2d 492.

It is the function and duty of the trial court to determine not only "the best interests of the child" but also whether there has been "a substantial change in circumstances." *Clark v. Clark* (1980), Ind. App., 404 N.E.2d 23. The trial court is given sound discretion in making this latter determination as well as in making the former. *Whitman v. Whitman* (1980), Ind. App., 405 N.E.2d 608. Therefore, in order to secure a reversal on appeal the burden is upon an appellant to establish that the court's decision was clearly against the logic and effect of the facts and circumstances before it. *Whitman, supra; Campbell v. Campbell* (1979), Ind.App., 396 N.E.2d 142.

As Judge Ratliff summarized in *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23, the appellant must show that the evidence positively requires appellant's conclusion before we may reverse, since it is our duty to affirm if the record discloses probative evidence or reasonable inferences which might be drawn from the evidence which would serve as a rational basis for the decision. 404 N.E.2d at 35.

In turning to the record before us we note that the evidence was conflicting. Moreover, we have no hesitation in expressing our conclusion that both parents love their children. That, however, is not what we are called upon to decide, nor are we granted initial discretion in providing review.

The evidence disclosed that since the dissolution the mother and father have both remarried. It established that the mother and her husband have a home which would accommodate the two children, that they desire custody of the children, and would adequately provide for them. The children, a girl and boy, aged 13 and 11½ at the time of the hearing, both expressed their desire to live with their mother.

There was testimony that when the children went to visit their mother the boy's clothing was often too small or shabby. Their physical appearance was described as poor. There was evidence that the father had not taken the children to a dentist for two years and evidence that the boy had a problem with a tooth which he had complained about. There was also testimony that the father had earlier resisted efforts to cure the boy of a bedwetting problem. There was evidence that the daughter and her stepsister slept in a room in the basement and that, while it was their choice to do so, the room was cold and in need of repair.

There was evidence that at least at times the father's house was not clean, and that for a period of about two weeks in March while it was still cold the home had run out of heating fuel and the father had declined to order more.

There was evidence that the father disciplined the children with physical punishment. There was testimony that before the father remarried the boy had a black eye. It was intimated that the father was responsible but there was no direct testimony that he was. There was testimony that the father and his present wife disagreed over his use of physical punishment, that he had a physical confrontation with a stepson, and that on one occasion he had struck his son several times while they were returning from a ball game. Moreover, the record discloses through the cross-examination of the father the reasonable inference that he was not being candid in his testimony.[1]

Finally, the record discloses a more or less continuing hassle over granting the mother's visitation rights.

---

1. He placed the fuel incident in April until cross-examination disclosed that it occurred prior to a spring school recess in March. He denied "recollection" of giving the boy a black eye. He first denied recollection of the incident in the car, then denied hitting the boy "several times," then admitted hitting him once with his open hand.

Upon the basis of the foregoing we are unable to say that the court's decision lacked a rational basis under the evidence. We therefore conclude the decision was sustained by the evidence and was not clearly against the logic and effect of the circumstances.

The father has raised four other assertions of error. First, he claims the court erred in denying a requested continuance of the hearing. The record discloses that the hearing was set for July 16th. Notice thereof was served on the father July 2nd and he notified his attorney that day. On July 7th the father's attorney moved for a continuance asserting that the attorney was leaving on vacation on July 2nd and would not return until July 13th. The request was denied and the motion was not renewed on the day of the hearing. Furthermore, no showing was offered at trial or on appeal as to any evidence which was unavailable to the father or how he was otherwise prejudiced by the denial of the continuance. The granting of such continuances is a matter clearly within the court's discretion. Indiana Rules of Procedure, Trial Rule 53.4; *Kroll v. Smith* (1957), 127 Ind.App. 178, 139 N.E.2d 573. No abuse of discretion is shown by the record before us.

The father next urges that it was error for the court to refuse to permit the father's counsel to examine his daughter as to why she wished to live with her mother.

The record discloses that the girl was called as a witness at the hearing and, in addition, the mother requested the court to interview the children in chambers pursuant to IC 31–1–11.5–21(d).[2] The daughter testified concerning her living arrangements in the father's home and, in response to a question, indicated her desire to live with her mother. On cross-examination the father's attorney inquired why she would prefer to live with her mother. At that point the court interjected indicating that the judge would interview the children in chambers. Sensitive to the problem of asking children to testify in the presence of their parents, the judge instructed the girl that she need not answer the question at that time. Counsel did not object to this procedure. Indeed, at the conclusion of the colloquy counsel stated, "I'll just let it go by." Since no objection was raised at the time, no potential error has been preserved for appeal.

Nor has any error been urged involving the court's interview of the children. The authorization provided by the statute has been expressly approved by our Supreme Court. *Blue v. Brooks* (1973), 261 Ind. 338, 303 N.E.2d 269. No objection was made to the interview and neither party requested that their attorney be present during the interview. While the interview was not reported, the trial judge included in the transcript his affidavit relating the substance thereof and no objection was taken. *See* Appellate Rule 7.2. Under these circumstances the court could properly consider the matter disclosed by the interview.

The father asserts the court improperly permitted the admission of evidence as to an event occurring prior to a previous court order. The objection was that the only evidence relevant to the modification question concerned events occurring after the last order. The court admitted the evidence conditionally with the comment that it was difficult to determine whether there had been a change of conditions unless he was aware of the prior conditions. While we doubt that any prejudice resulted from the admission, we need not so hold. The testimony was admitted subject to being connected up, yet no subsequent motion to strike the evidence was made. Accordingly, any error in the admission of the evidence has been waived.

Finally, the father urges error in the subsequent award of attorney fees for the benefit of the mother in the conduct of

---

**2.** IC 31–1–11.5–21(d) provides:

"The court may interview the child in chambers to ascertain the child's wishes. The court may permit counsel to be present at the interview, in which event a record may be made of the interview and the same may be made part of the record for purposes of appeal."

these proceedings. The record discloses that upon petition the court set a hearing to consider the request. The father did not attend the hearing at which evidence was heard and the award entered. The evidence adduced at the hearing has not been included in the transcript.

On appeal the father raises two contentions. First he asserts without citation of authority or cogent argument that it would be inequitable to permit the wife to be awarded attorney fees concerning the proceedings before this court to secure a stay of the change in custody pending outcome of the appeal. The asserted reason is that we granted the stay.

Secondly, relying upon *Becker v. Becker* (1966), 141 Ind.App. 562, 216 N.E.2d 849 and *Bitner v. Bitner* (1950), 228 Ind. 259, 91 N.E.2d 169, he urges that the court abused its discretion by awarding attorney fees in the absence of a showing that the mother had neither funds nor credit sufficient to pay her attorneys. We reject both contentions.

The marriage dissolution act, which was enacted after the cases cited by appellant, broadened the authority of the courts to award attorney fees. IC 31–1–11.5–16 provides:

> "The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name."

 Under the statute it is not error per se to make an award to a non-prevailing party or for a particular proceeding in which the party did not prevail.

The *Becker* and *Bitner* cases concerned awarding attorney fees *pendente lite* under our prior divorce statute which permitted such awards "as will insure to the wife an efficient preparation of her case." *See*

Burns Indiana Statutes, § 3–1216 (repealed). The effect of those decisions was abandoned by the broader authority granted by IC 31–1–11.5–16. We have already expressly held that the present statute permits the award of attorney fees incurred in connection with an appeal. *Johnson v. Johnson* (1976), 168 Ind.App. 653, 344 N.E.2d 875; *Flora v. Flora* (1975), 166 Ind. App. 620, 337 N.E.2d 846.

 The appellant has not presented us with a factual argument contending that the court abused its discretion upon the evidence adduced at the hearing. Therefore, we need not consider that issue, and we hold that no abuse of discretion has been shown. *See Johnson, supra.*

No reversible error has been established. The decision of the trial court is affirmed.

HOFFMAN, P. J., and STATON, J., concur.