**HOMEHEALTH, INC., and Gandhi Lingamneni, Appellants– Plaintiffs,**

v.

**HERITAGE MUTUAL INSURANCE COMPANY, United Farm Bureau Insurance Company and Grant Van Horne, Appellees–Defendants.**

No. 17A05–9504–CV–135.

Court of Appeals of Indiana.

March 5, 1996.

---

Randal S. Forbes, Angola, for Appellants.

Edward L. Murphy, Diana C. Bauer, Miller Carson Boxberger & Murphy, Fort Wayne, for Grant Van Horne.

James H. Austen, Starr Austen Tribbett & Myers, Logansport, for Heritage Mutual Insurance Company and United Farm Bureau Mutual Insurance Company.

## OPINION

KIRSCH, Judge.

Homehealth, Inc. ("Homehealth") and Gandhi Lingamneni (collectively "Appellants") appeal the trial court's judgment of involuntary dismissal in favor of Heritage Mutual Insurance Company ("Heritage"), United Farm Bureau Insurance Company ("Farm Bureau"), and Grant Van Horne (collectively "Appellees"): The only issue for our review is whether the trial court's denial of Appellants' motion for continuance was an abuse of discretion.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On July 15, 1991, Appellants filed this action against Appellees for damages arising from an alleged breach of a settlement agreement in two prior cases. On September 5, 1991, Heritage and Farm Bureau filed their answer which included a non-party defense against John Grimm, counsel for Appellants. On September 19, 1991, Van Horne filed his answer which also included a non-party defense against Grimm.

On December 3, 1991, Van Horne filed a motion to disqualify counsel, claiming that Grimm was a material witness to the events which formed the basis for the lawsuit. On January 7, 1992, the trial court, in a seven-page entry, denied the motion, without prejudice, stating that Van Horne had failed to demonstrate that any of the requirements for disqualification had been met. Relevant parts of the entry read:

"[A]t this point in the record of proceedings there is neither established nor alleged any facts from which a reasonable inference may be drawn that attorney John C. Grimm did act negligently.

. . . .

"7. That Indiana Rule of Professional Conduct 3.7 prohibits an attorney from representing a party if it is likely the attorney will be a necessary witness in the case (with some exceptions and a proviso).

"8. That the record of proceedings in this case at this point has not yet established whether the settlement negotiation participants ... agree or differ in their recollections of what was said and done and the Court needs to know this in order to determine whether or not attorney John C. Grimm is a 'necessary' witness within the provision of Indiana Rule of Professional Conduct 3.7(A) (if all participants agree in their recollection of material facts and statements then he would not be a 'necessary' witness but if they differ in their recollections then he would likely be a 'necessary' witness).

"9. That in his oral argument to the Court on January 3, 1992 attorney John C. Grimm has alleged that for him to be disqualified from further service as Plaintiffs' attorney herein would cause a substantial hardship on his clients (presumably to invoke the exception set forth at Indiana Rule of Professional Conduct 3.7(a)(3)) but the record of proceedings in this case at this point has not yet established the possibility or likelihood or a resulting substantial hardship to the Plaintiffs.

"10. That therefore for these reasons the Court is unable to determine at this point the impact Indiana Rule of Professional Conduct 3.7 may have on this issue.

"11. That Indiana Rule of Professional Conduct 1.7 prohibits an attorney from representing a client if the representation

would be a conflict of interest or would be diminished by the attorney's own interests.

. . . .

"13. That if indeed this case does come to a point where there exists some valid basis (beyond mere bald general allegations) tending to prove (or from which a reasonable inference can be drawn) that not only the Plaintiffs Gandhi Lingamneni and Homehealth, Inc. but also their attorney John C. Grimm may have been at fault then the interests of the Plaintiffs and their attorney would be incompatible and conflicting and for attorney John C. Grimm to then continue to represent the Plaintiffs in this matter would constitute a violation of Indiana Rule of Professional Conduct 1.7 unless the exception is [sic] that rule's subparagraph (b)(2) would be invoked.

. . . .

"15. That further development of the record of proceedings in this case (after completion of further discovery) is necessary in order for the Court to determine whether or not attorney John C. Grimm should be disqualified from further representing the Plaintiffs.

. . . .

"17. That at this time attorney John C. Grimm is not disqualified to represent Plaintiffs Gandhi Lingamneni and Homehealth, Inc. in this case and the Defendant Grant M. VanHorne's [sic] Motion to Disqualify Counsel (which was filed with the Court on December 3, 1991) is denied without prejudice."

*Record* at 122–26.

On March 4, 1994, the trial court held a pre-trial conference in which all parties participated. The trial court scheduled a final pre-trial conference for December 2, 1994, and a three-day bench trial to commence on January 3, 1995.

On December 5, 1994, Grimm filed a motion to withdraw his appearance on behalf of Appellants, claiming that, as a result of certain discovery requests, he had recently realized that he had a conflict of interest. At the same time, Grimm also filed a motion for continuance, citing undue prejudice and hardship on the Appellants. Appellees objected to the motion for continuance; Van Horne also objected to the motion to withdraw.

On December 20, 1994, the trial court held oral arguments on Grimm's motions. On the same day, the trial court granted Grimm's motion to withdraw on the grounds that Grimm was a material witness. The court denied the motion for continuance stating:

"6. That Plaintiff Ghandhi [sic] Lingamneni has known since December 3, 1991 (when Defendant Grant M. VanHorne [sic] filed his written motion seeking the disqualification of Attorney John C. Grimm) that his Attorney John C. Grimm might be called as a material witness at the trial and Plaintiff Ghandi [sic] Lingamneni was present in Court with his Attorney John C. Grimm on January 3, 1992 when attorney arguments on the issue of whether John C. Grimm should be disqualified were made to the court and Plaintiff Ghandhi [sic] Lingamneni has known since approximately November 1, 1994 that one of the defenses Defendant Grant M. VanHorne [sic] and the other Defendants were indeed pursuing is the alleged negligence of his Attorney John C. Grimm and as of approximately November 1, 1994 it became much more certain that John C. Grimm would be a material witness in the trial of this case."

*Record* at 500.

On the same day, December 20, 1994, Appellants filed a letter from the law firm of Price and Barker stating that the firm declined to represent Appellants in this matter but would reconsider if the Appellants obtained a continuance of the January trial date. On December 27, 1994, Michelle Simmons filed a conditional appearance and motion for continuance. The trial court held a hearing on the same day, denied the motion, and allowed Simmons to withdraw. On December 29, 1994, Appellees filed their portion of pre-trial orders with the court.[1] On Janu-

---

1. Appellees "filed by facsimile transmission Defendants' Portion of Pre-Trial Order together with a Plaintiffs' Portion of Pre-Trial Order." *Record* at 16. Attorneys for each of the defen-

ary 3, 1995, Randal Forbes filed a motion for leave to file an appearance for limited purpose. Forbes moved for the court to reconsider its December 20, 1994 ruling which allowed Grimm to withdraw and its December 27 ruling denying a continuance. After a hearing, the court denied both motions and granted Forbes' oral motion to withdraw his appearance.

The court instructed Appellants to present evidence for their case in chief. Lingamneni informed the court that he was unable to proceed without the assistance of counsel and that Homehealth, of which he was president, was a corporation and, therefore, could not appear without counsel. The court entered a judgment of involuntary dismissal pursuant to Ind.Trial Rule 41(B) on all pending issues.[2]

## DISCUSSION AND DECISION

The decision to grant or deny a continuance is within the sound discretion of the trial court, and we will not reverse that decision unless the trial court has abused its discretion. *Royalty Vans, Inc. v. Hill Brothers Plumbing and Heating, Inc.*, 605 N.E.2d 1217, 1220 (Ind.Ct.App.1993). A trial court abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *Id.* The denial of a motion for continuance is an abuse of discretion only if the movant demonstrates good cause for granting the motions. *Danner v. Danner*, 573 N.E.2d 934, 937 (Ind.Ct.App.1991), *trans. denied; see also* Ind.Trial Rule 53.5. The United States Supreme Court has addressed the issue of continuances by stating:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrawise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request was denied."

*Ungar v. Sarafite* 376 U.S. 575, 589–90, 84 S.Ct. 841, 849–50, 11 L.Ed.2d 921 (1964) (citations omitted).

Appellants assert that their counsel's withdrawal was unexpected, and that, despite due diligence, they were unable to retain counsel who could represent them at the trial on such short notice. They rely on our decision in *Koors v. Great Southwest Fire Ins. Co.*, 530 N.E.2d 780, 783 (Ind.Ct. App.1988), *reh'g denied*, 583 N.E.2d 259. In *Koors*, we stated:

"The unexpected withdrawal of counsel, untimely though it may be, does not necessarily entitle a party to a continuance when it is not shown that counsel thereafter employed was unable to prepare and conduct a proper case. Under some circumstances, however, denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial."

*Id.* at 787 On appeal, we must consider whether the denial of a continuance will result in the deprivation of counsel at a crucial stage in the proceedings; whether new counsel will have adequate time to prepare the case taking into account the case's complexity; and whether delay will prejudice the opposing party to the extent sufficient to justify denying the continuance. *Id.* at 783–84.

Appellants contend that they were free from fault and their rights were likely to be prejudiced by the denial of the continuance. We agree. The trial court denied Van Horne's motion to have Appellants' counsel disqualified on January 7, 1992. The judge's

---

dants had signed the signature page. *Record* at 512, 531. Lingamneni's signature does not appear on any of the documents. *Record* at 535.

2. Some issues raised in the Complaint were disposed of by summary judgment on October 11, 1993.

lengthy and detailed entry stated that the court found no valid basis for disqualification as of the date of the entry. The court stated that something "beyond mere bald general allegations" would be required before Appellants' counsel would be disqualified under Indiana Rules of Professional Conduct 1.7. *Record* at 124. The court went on to say that "further development of the record of proceedings in this case (after completion of further discovery) is necessary in order for the Court to determine whether or not attorney John C. Grimm should be disqualified...." *Record* at 125. Appellants had a right to rely on that entry.

Appellees did not renew their motion asking the court to disqualify Grimm. On November 1, 1994, in written response to interrogatories, Van Horne listed John C. Grimm as an expert witness that he expected would testify at trial, but he neither attempted to depose nor subpoenaed Grimm. Grimm filed his motion to withdraw on December 5, 1994, citing a conflict of interest which became apparent as the result of additional discovery. There is no evidence to indicate the Appellants had notice of counsel's conflict prior to such date. The trial court held oral argument and granted the motion on December 20, 1994. By the time of the trial on January 3, 1995, Appellants had presented to the court evidence that they had contacted at least three attorneys. One firm declined to represent the Appellants because of the pending trial date, but stated that it would reconsider if a continuance could be obtained; another lawyer filed a conditional appearance and was allowed to withdraw after her motion for continuance was denied; a third was allowed to withdraw upon oral motion after the denial of his motion to reconsider the denial of the renewed motion for continuance.

As a corporation, Homehealth could not proceed without counsel.[3] Appellants were clearly prejudiced by the denial of the motion for continuance. That prejudice was the involuntary dismissal of the entire case. Additionally, the record contains no evidence that significant prejudice to Appellees would have resulted had the continuance been granted.

Appellees contend that Appellants knew of the potential conflict for three years and failed to exercise diligence in obtaining substitute counsel. It is inappropriate, however, to ascribe to Appellants three years of knowledge that substitute counsel was necessary when the trial court determined that the circumstances warranting such counsel did not exist as of January 7, 1992 and did not conclusively exist until only a few weeks before trial. Rather than demonstrating a lack of diligence, the Appellants were exceptionally diligent in attempting to hire substitute counsel once notified that their present counsel must withdraw. The trial court abused its discretion in denying the Appellants' motion for continuance. The judgment of involuntary dismissal is reversed as to all parties and all pending issues, and this case is remanded for new trial.

Reversed and remanded.

BARTEAU, J., concurs.

SHARPNACK, C.J., dissents with separate opinion.

SHARPNACK, Chief Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that since the Appellants were unaware that a conflict "conclusively" existed until two weeks before trial, they were free from fault.

The majority relies on *Koors v. Great Southwest Fire Ins. Co.*, 530 N.E.2d 780 (Ind.Ct.App.1988), *reh'g denied*, 583 N.E.2d 259. In *Koors*, we decided that the client was not at fault when his counsel withdrew due to a conflict two weeks before trial because there was "nothing in the record to show the [the client] was aware or could foresee the potential conflict of interest." *Id.* at 783. Accordingly, to be free from fault, the client need not be unaware of a conflict which "conclusively" existed. Rather, the client is only free from fault when he was unaware or could not foresee the potential conflict of interest.

I find that the Appellants "were aware or could foresee the potential for conflict of interest" three years, not two weeks, prior to

3. "A corporation ... must appear by attorney in all cases." IC 34–1–60–1(c).

trial. *See Id.* The record reveals that the Appellants first learned that their counsel, Grimm, had a potential conflict of interest on September 5, 1991. At this time, Heritage and Farm Bureau filed their answer which included a non-party defense against Grimm.

In addition, on December 3, 1991, Van Horne filed a motion to disqualify Grimm on the basis that Grimm was a material witness to the lawsuit. During the hearing, Van Horne's counsel represented his intention to call Grimm as a witness at the trial, and the following exchange ensued:

> "THE COURT: You've basically suggested it, but I'm not sure if you said directly so I'll ask you, do you intend to call John Grimm as a witness in the trial?
>
> [Van Horne's Counsel]: Yes, Your Honor."

Record, p. 611.

Although the court denied Van Horne's motion to disqualify, the court expressly stated that a potential conflict existed. In its order, the court stated:

> "That if indeed this case does come to a point where there exists some valid basis (beyond mere bald general allegations) tending to prove (or from which a reasonable inference can be drawn) that not only the Plaintiffs Gandhi Lingamneni and Homehealth, Inc. but also their attorney John C. Grimm may have been at fault then the interests of the Plaintiffs and their attorney would be incompatible and conflicting and for attorney John C. Grimm to then continue to represent the plaintiffs in this matter would constitute a violation of Indiana Rule of Professional Conduct 1.7 unless the exception is that rule's subparagraph (b)(2) would be invoked."

Record, pp. 124–125.

The majority emphasizes the fact that the court denied Van Horne's motion. However, this ruling in no way negated the Appellants' notice that there was a potential conflict of interest. Accordingly, the Appellants had over three years to find substitute counsel in the event that Grimm would be called as a material witness and could no longer represent them.

It was not until December 5, 1994, that Grimm "discovered" he would be called as a material witness and, consequently, filed a motion to withdraw his appearance.[4] On December 20, 1994, the trial court granted Grimm's motion to withdraw, but denied his motion for continuance. The trial court reasoned that the Appellants had sufficient notice that Grimm would be called as a material witness and had adequate time to secure substitute counsel. It was not until this time that the Appellants showed any attempt to obtain substitute counsel.

In sum, three years prior to trial, the Appellants were aware or could have foreseen the potential for a conflict of interest. The fact that the Appellant's counsel withdrew due to this conflict just two weeks prior to trial in no way negates the Appellant's notice. I find that under these conditions, the Appellants failed to demonstrate diligence in obtaining counsel.

In *Fetner v. Maury Boyd & Associates, Inc.,* we addressed a similar issue. *Fetner v. Maury Boyd & Associates, Inc.,* 563 N.E.2d 1334 (Ind.Ct.App.1990), *reh'g denied, trans. denied.* Although the case was filed on April 3, 1989, Fetner, the defendant, made no attempt to secure counsel until June 26, 1989, when he called a law firm. *Id.* at 1338. He waited until the second week of July to contact another attorney who eventually agreed to represent him. *Id.* Fetner's counsel moved for a continuance because the trial was set for July 18, 1989; the trial court denied this motion. *Id.* at 1336. We held:

> "Given the deference necessarily due a trial court's decision on this matter, and Fetner's lack of diligence during the time immediately approaching trial, we cannot say the denial of Fetner's motion for a continuance constituted a violation of due process."

*Id.* at 1338.

Likewise, in the present case, I find the Appellants' efforts to obtain counsel demonstrated a lack of diligence. The Appellants were aware for over three years prior to trial that their counsel may be called as a material

---

4. The trial court found it was "apparent" on November 1, 1994, that Grimm would be called as a material witness at the trial. Record, pp. 499–500.

witness. Yet, they waited until just two weeks before trial to obtain substitute counsel. As such, the Appellants were not free from fault.

I respectfully dissent and would affirm the trial court's judgment.