Brian A. HESS, Appellant–Respondent,

v.

Barbara A. HESS, Appellee–Petitioner.

No. 02A03–9607–CV–255.

Court of Appeals of Indiana.

April 28, 1997.

Timothy Logan, Benson, Pantello, Morris, James & Logan, Fort Wayne, for Appellant–Respondent.

Sherie L. Hampshire, C. David Peebles, Fort Wayne, for Appellee–Petitioner.

OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Brian A. Hess ("Husband") appeals the trial court's decree dissolving his marriage to Barbara A. Hess ("Wife"). The sole issue presented for our review is whether the trial court abused its discretion when it denied Husband's motion for a continuance.

We reverse and remand.

## FACTS

Husband and Wife were married on November 3, 1979. Two children were born of the marriage. On June 24, 1994, Wife filed her petition for dissolution of marriage. In September of 1995, Wife's counsel filed a notice of discovery, certificate of readiness, request for pre-trial conference and request for a trial date. Following a pre-trial conference and subsequent pre-trial order of the court, trial was scheduled for March 13, 1996. On March 8, 1996, four days prior to trial, Husband's attorney filed a motion to withdraw his appearance on behalf of Husband, which motion was granted by the trial court. By letter dated that same day, Husband's attorney advised Husband that trial was set for March 13, 1996, and that Husband needed to promptly contact another attorney to represent him. Husband's attorney did not move for a continuance on Husband's behalf, but instead suggested that Husband himself contact the trial court and request a continuance of the March 13, trial date. On Monday, March 11, 1996, Husband filed his pro se motion for a continuance. On March 13, the day of trial, the trial court heard brief argument on Husband's motion for a continuance, denied the motion, and proceeded with the dissolution hearing. Thereafter, the trial court rendered its dissolution decree which included the division of marital property and a child custody determination.

## DISCUSSION AND DECISION

■ The decision to grant or deny a continuance is within the sound discretion of the trial court, and we will not reverse that decision unless the trial court has abused its discretion. *Homehealth, Inc. v. Heritage Mut. Ins. Co.*, 662 N.E.2d 195, 198 (Ind.Ct. App.1996), *trans. denied.* A trial court abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *Id.* If good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion. *Koors*

*v. Great Southwest Fire Ins. Co.*, 530 N.E.2d 780, 783 (Ind.Ct.App.1988); *see* Ind. Trial Rule 53.5. .

■ The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. *Koors*, 530 N.E.2d at 783. However, the denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. *Id.*

■ Further, among the things to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings. *See Homehealth, Inc.*, 662 N.E.2d at 198. We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. *Id.*

■ In the present case, we conclude that Husband demonstrated good cause for a continuance of the March 13, 1996, trial date. The record [1] indicates that, because of statements of distrust made by Husband to his attorney during settlement negotiations between the parties held on Friday, March 8, Husband's attorney determined that it was impossible for him to continue representing Husband, as Husband would not have been satisfied with his representation. Husband's attorney walked out of the settlement negotiations and filed a motion to withdraw his appearance, which was granted by the trial court that same day. Thus, Husband was left without counsel, merely four days prior to trial. In his pro se motion for a continuance, filed on Monday, March 11, Husband stated that after being informed that his counsel had filed a motion to withdraw, he requested that counsel file for continuance on his behalf; however, his counsel's office staff informed him that counsel would not do so. Husband further asked the court to consider the difficulty of finding proper representation on such short notice. Husband's request for continuance was not denied by the trial court

1. We conclude that an adequate record is presented for this court to resolve the relevant issues in this appeal.

until March 13, the day of trial. On the day of trial, Husband appeared without counsel and argued to the court that he had tried to procure counsel both over the weekend and just prior to filing his motion for continuance but was unable to obtain representation.

Although we cannot say that Husband is wholly free from fault for his counsel's withdrawal, we similarly cannot say that, in dissolution proceedings where emotions run high, attorney-client disagreement and conflict are unique. There is nothing in the record to show that Husband intended or could foresee that counsel would withdraw at such a late hour. We also find it significant that the record does not demonstrate dilatory tactics on the part of Husband designed to delay coming to trial.

■ Despite the evidence of good cause for a continuance, the trial court denied Husband's motion because "it wasn't furnished to the other party." Record at 85. However, Husband was unexpectedly without representation four days before trial with his former counsel refusing (or at the very least failing) to file a continuance on his behalf.[2] Husband was left to file a pro se continuance but, in doing so, failed to serve Wife's counsel with a copy of his motion. While we recognize that pro se litigants are generally held to the same rules of procedure as licensed attorneys, *Nesses v. Specialty Connectors Co., Inc.*, 564 N.E.2d 322, 326 (Ind.Ct.App.1990), we note that the record indicates that Wife's counsel was apprised of counsel's untimely withdrawal and that a motion for continuance could not have been unexpected. Accordingly, Husband's mere failure to serve Wife's counsel with a copy of his motion was insufficient to overcome the evidence of good cause and to justify the trial court's denial of a continuance.

More significantly, the denial of a continuance deprived Husband of counsel at the most crucial stage in the proceedings, the dissolution hearing itself.[3] Aside from a brief and unsuccessful attempt at cross-examination, Husband sat down, presenting no case-in-chief. We cannot conclude that a brief continuance of the dissolution hearing in order for Husband to obtain representation would have been so prejudicial to Wife to justify deprivation of counsel to Husband during such a crucial stage of the proceedings. The trial court's denial of Husband's motion for a continuance was clearly against the logic and effect of the facts and circumstances before the court.[4] The trial court abused its discretion when it denied Husband's motion for a continuance. We reverse and remand for a new dissolution hearing.

Reversed and remanded.

HOFFMAN and FRIEDLANDER, JJ. concur.

---

2. We admonish Husband's former counsel that "an attorney who is severing his relationship with a client has a professional obligation to protect the interests of the client." *Hawblitzel v. Hawblitzel*, 447 N.E.2d 1156, 1159 (Ind.Ct.App. 1983); Ind. Professional Conduct Rule 1.16(d).

3. We are not persuaded by the fact that attorney Michael Hess remained a counsel of record in this matter. Although Michael Hess filed the initial appearance on behalf of Husband in June of 1994, Hess clearly had no further involvement with this case. When the case was activated in September of 1995, attorney Daniel Graly entered his appearance as Husband's counsel and continued as the only recognized attorney of record until March 8, 1996. Despite Wife's arguments that Husband should have contacted Hess upon Graly's withdrawal, we take Husband at his word that he was unable to secure counsel to represent him on such short notice.

4. While we appreciate the Appellee's commendation regarding our opinions in *Hawblitzel* and *Redslob v. Redslob*, 433 N.E.2d 819 (Ind.Ct.App. 1982), those cases are clearly distinguishable and inapplicable to the case at bar.