# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2016, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

J. Michael Katz
Goodman Katz & Scheele
Highland, Indiana

Adam J. Sedia
Rubino Ruman Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Debra Lynch Dubovich
Levy & Dubovich
Merrillville, Indiana

Lynn F. Hammond
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gregory Reasons, <br> *Appellant-Respondent,* <br><br> v. <br><br> Joanne Reasons, <br> *Appellee-Petitioner.* | April 28, 2016 <br><br> Court of Appeals Case No. <br> 45A03-1508-DR-1250 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Elizabeth F. Tavitas, Judge <br><br> Trial Court Cause No. <br> 45D03-1211-DR-927 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Twenty-four days before the final hearing in his divorce case, Gregory Reasons ("Husband") was notified that his attorney would be moving to withdraw from representing him. Husband filed a motion to continue the final hearing, claiming that he needed more time to retain a different attorney. The trial court denied the motion, and Husband appeals. Because Husband had sufficient time to find a new attorney if he so desired, because the hearing had already been continued six times over the course of two years, and for the other reasons stated below, we conclude that the trial court did not abuse its discretion when it denied Husband's motion.

# Facts and Procedural History

[2] On November 14, 2012, Susan Reasons ("Wife") filed a petition to dissolve her marriage to Husband. Husband was served a month later, but his attorney did not enter an appearance on his behalf until April 2013. That August, Husband's attorney asked that the matter be set for a final hearing, and the trial court scheduled the hearing for September 16, 2013. Because the couple's only child was an adult, the hearing was to be limited to property issues.

[3] A few days before the hearing, for reasons not specified in the record, the court continued the matter until October 15, 2013. On October 10, 2013, Wife moved for a continuance for medical reasons. The trial court granted the motion and reset the hearing for February 11, 2014. The parties appeared in

court that day but jointly requested an additional continuance, and the trial court rescheduled the matter for June 23, 2014. Shortly before the new hearing date, the parties again made an agreed request for a continuance, and the hearing was set for September 4, 2014.

[4] On August 8, 2014, Husband's attorney filed a motion to continue, explaining that she would be in the middle of a murder trial on the day set for hearing. The trial court granted the motion and set a new hearing date of October 21, 2014. Then, on October 15, 2014, Husband's attorney requested another continuance because the murder trial had been pushed back and again conflicted with the dissolution hearing. The trial court reset the matter for January 13, 2015.

[5] On December 19, 2014, twenty-four days before the hearing, Husband was notified that his attorney wished to withdraw from the case. That same day, his attorney sent him a letter to the same effect. The letter stated, in part:

> Please be advised that due to our irretrievably broken attorney/client relationship, this letter shall serve as notice that I intend to request permission from the Court to withdraw my representation of you in the above-captioned matter within the next ten (10) days.
>
> If my withdrawal is granted, please be advised that you must enter your appearance pro se, meaning you are representing yourself, or, secure the services of another attorney, whom you advised you have already consulted. As a reminder, a Final Hearing is scheduled for **Tuesday, January 13, 2015 at 2:00 p.m.** Said Hearing will take place at the Lake Superior Court located

at 15 West 4th Avenue, Gary, Indiana 46402. Your attendance will be required at said Hearing, so please conduct yourself accordingly.

Appellant's App. p. 55.

[6] On December 23, 2014, Husband personally filed a motion to continue, explaining that "[h]is attorney wishes to withdraw her representation" and asserting that he "does not have adequate time to find legal representation before the current hearing scheduled for January 13th, 2015." *Id.* at 53. He also filed a CCS Entry Form that stated, "Filing motion of continuation due to defendant's attorney leaving case." *Id.* at 51.

[7] On January 2, 2015, Husband's attorney filed her petition to withdraw, stating that Husband had been notified of her intent and that he "has consulted with other counsel[.]" *Id.* at 54. She attached a copy of her December 19, 2014 letter to the petition. On January 6, 2015, the trial court wrote "Motion Denied" on the CCS Entry Form that Husband had filed along with his motion to continue. *Id.* at 51. However, no corresponding entry was made on the CCS, and Husband did not receive notice of the denial at any time before the final hearing. On January 12, 2015, one day before the hearing, the trial court granted Husband's attorney's petition to withdraw.

[8] Husband appeared for the hearing the next day without counsel. When the court informed him that his motion to continue had been denied, he reiterated his request, explaining that he had spoken to some attorneys and had been told

that "there was no way they could properly present a case in that amount of time." Tr. p. 2. The trial court asked Wife's attorney what her position was, and she said that the hearing should go forward as scheduled because there had already been many continuances, including the two recently requested by Husband's attorney, and because the dispute was limited to property division and did not involve children. The trial court decided to proceed with the hearing, noting that "this matter has been pending for quite some time" and that "[Husband] has been granted several Motions to Continue." *Id.* at 4. Husband continued to press for additional time, and the court again asked Wife's attorney what her position was. Wife's attorney said, "I attempted to have a conversation with him regarding this continuance and he was very obstreperous and I had to say, thank you very much and goodbye." *Id.* at 6. Having heard that, the court reaffirmed its decision that the hearing would proceed as scheduled.

[9] The trial court issued its decree of dissolution on April 21, 2015. Husband, believing that the trial court's ultimate division of property would have been different if the final hearing had been continued, now appeals.

# Discussion and Decision

[10] Husband contends that twenty-four days was not enough time for him to retain replacement counsel, that the trial court therefore should have granted his motion to continue the final hearing, and that we should vacate the decree of

dissolution and remand this matter for a new final hearing.[1]  Whether to grant or deny a motion to continue a trial is a decision that our trial rules specifically leave to the discretion of the trial court.  Ind. Trial Rule 53.5.  Accordingly, we will reverse such a ruling only if we find that the trial court has abused that discretion, that is, reached a conclusion that is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom.  *Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997).  Applying this deferential standard of review, we cannot say that the trial court abused its discretion by denying Husband's motion.

[11]  Several facts weigh in favor of the trial court's decision.  First, when Husband filed his motion, the case had been pending for more than two years, in part because Husband did not have his attorney enter an appearance until four months after he was served.  Second, the final hearing had already been continued six times, including twice on motions by Husband's attorney and twice on agreed motions.  Third, absent extraordinary circumstances not present here, twenty-four days is enough time to retain a new attorney and prepare for a straightforward, one-hour property-division hearing.  Fourth, the December 19, 2014 letter written by Husband's former attorney, which was attached to her petition to withdraw, indicated that Husband had already "consulted" with other counsel.  Fifth, Husband did not identify any of the other attorneys with whom he spoke, the dates on which he spoke with them,

---

[1] Husband does not appeal the trial court's decision to grant his attorney's petition to withdraw.

or the dates on which they allegedly refused to represent him without a continuance. Sixth, Wife's attorney told the trial court that she had attempted to discuss the need for a continuance with Husband and that Husband had been "very obstreperous." Under these circumstances, the trial court acted well within its discretion when it denied Husband's request to postpone the final hearing for a seventh time.

[12] Husband relies on *Hess*, where we held that a trial court abused its discretion by denying a continuance after the husband's attorney withdrew just five days before a dissolution hearing. 679 N.E.2d at 154-55.[2] We found it significant that "the denial of the continuance deprived Husband of counsel at the most crucial stage in the proceedings, the dissolution hearing itself." *Id.* at 155. In this case, Husband was also without counsel at the final hearing, but we find that the difference between five days and twenty-four days is substantial enough to distinguish the two cases. In addition, the dissolution in *Hess* involved a child-custody determination, whereas this dissolution was limited to the division of property. Finally, nothing in the record in *Hess* showed that the husband "could foresee that counsel would withdraw at such a late hour." *Id.* Here, on the other hand, we know that Husband had already consulted with other counsel when his attorney wrote to him that she intended to withdraw.

---

[2] We said "four days," but the hearing was set for March 13, and the attorney withdrew on March 8. *Hess*, 679 N.E.2d at 154.

[13] Husband also makes much of the fact that he was not notified until the day of the final hearing that his motion to continue had been denied. He would have us hold that, absent notice of the denial, he was entitled to assume that his motion had been or would be granted. He cites no authority in support of this proposition, and we are aware of none. To the contrary, all parties to litigation, represented or not, should plan to proceed as scheduled unless specifically told otherwise.

[14] Affirmed.

Barnes, J., and Mathias, J., concur.