# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BRYAN LEE CIYOU**
Ciyou and Dixon, P.C.
Indianapolis, Indiana



FILED
Sep 25 2012, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

RAY EVANS,                                      )
                                               )
    Appellant-Respondent,                 )
                                               )
            vs.              )     No. 73A04-1112-PO-670
                                               )
ERIC L. THOMAS,                                )
                                               )
    Appellee-Petitioner.                  )

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1112-PO-268

**September 25, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Respondent Ray Evans appeals from the trial court's issuance of a protection order ("PO") at the request of Appellee-Petitioner Eric Thomas. Evans contends that the trial court abused its discretion in denying his motion for continuance, that Thomas's petition did not allege conduct sufficient to support a PO, that the trial court was required to conduct an evidentiary hearing, and that Evans's due process rights were violated by the trial court's issuance of the PO. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 8, 2011, Thomas filed a request for an *ex parte* PO against Evans. The petition alleged a history of conflict between the two Shelby County neighbors, who share a driveway. Thomas alleged that Evans had attempted and threatened to cause him physical harm, caused him physical harm, placed him in fear of physical harm, committed stalking against him, and committed an act of animal cruelty. Specifically, Thomas alleged that Evans had pulled a gun on him in 2005, punched him during a November 2011 altercation arising from a discussion regarding money owed for driveway maintenance,[1] taunted him and his children as they hung Christmas lights on December 2, 2011, shot and killed the family cat at some point, and threatened to shoot the family dog.

On December 12, 2011, the trial court denied Thomas's request for an *ex parte* PO and set the matter for a hearing on December 20. Evans was served with notice of the

---

[1] This incident, during which Thomas claims he grabbed Evans and the duo butted heads, led to criminal charges being filed against Thomas, in cause number 73D02-1111-CM-1582.

hearing on December 15. On December 19, Evans filed a motion for continuance, contending that he would be unable to retain counsel by December 20.

At the hearing on December 20, the trial court denied Evans's motion for continuance, citing the nature of the allegations and the fact that "protective orders are supposed to be dealt with within a fairly quick fashion[.]" Tr. p. 5. When asked if he objected to the issuance of the requested PO, Evans answered, "No." Tr. p. 4. The trial court told Evans that "if after I grant this if your attorney wants to file a petition to modify it, I, I, would consider that. I'm not saying I would grant it, but I … I would consider that." Tr. p. 5. Without taking evidence, the trial court issued the requested PO providing, *inter alia*, that Evans surrender all of his firearms to the Shelby County Sheriff's Department. In a document file stamped on December 22, 2011, Evans, who had retained counsel, filed his notice of appeal.

## DISCUSSION AND DECISION

At the outset, we note that Thomas has not filed an Appellee's brief. In such cases, we do not need to develop an argument for Thomas, and we apply a less stringent standard of review. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind. Ct. App. 2005). We may reverse the trial court if Evans is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.*

### I. Whether the Trial Court Abused its Discretion in Denying Evans's Motion for a Continuance

The decision to grant or deny a continuance is within the sound discretion of the trial court, and we will not reverse that decision unless the trial court has abused its discretion. *Homehealth, Inc. v. Heritage Mut. Ins. Co.*, 662 N.E.2d 195, 198 (Ind. Ct. App. 1996), *trans. denied*. A trial court

3

abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *Id*. If good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion. *Koors v. Great Southwest Fire Ins. Co.*, 530 N.E.2d 780, 783 (Ind. Ct. App. 1988); *see* Ind. Trial Rule 53.5.

....

[A]mong the things to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings. *See Homehealth, Inc.*, 662 N.E.2d at 198. We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. *Id*.

*Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997).

While we recognize that only five days passed between Evans receiving notice of the hearing and the actual hearing, we cannot say, under the circumstances, that the trial court abused its discretion in denying his continuance motion. First and foremost, we conclude with little hesitation that the seriousness of the allegations in Thomas's petition warranted the swiftest of judicial action. As previously mentioned, Thomas alleged that Evans had held a gun on him in 2005 and at some point had killed his cat and had threatened to kill his dog. Within the few weeks prior to the filing of the petition, Thomas and Evans had been in two confrontations, one of which became violent, involving blows and head-butting and resulting in criminal charges. Put another way, according to Thomas's petition, the years-long dispute between Thomas and Evans was escalating quickly, warranting quick action on the trial court's part.

Second, we do not believe that five days was too short a period of time in which to secure counsel. Evans might not have had time to shop around, but we have little doubt counsel could have been secured. We would note that, despite Evans's contention that

4

the holiday season makes it more difficult to secure counsel, he had, in fact, managed to secure counsel by December 22, two days after the hearing.

Third, although Evans did not have representation at a hearing after which a protection order was issued against him, this deprivation was not as significant as it might have been in other PO cases, given the trial court's willingness to accommodate him. The trial court advised Evans twice on the record that it would set a new hearing if, after retaining counsel, he filed a petition to modify the PO. Essentially, the trial court gave Evans a chance to relitigate the allegations in Thomas's petition, but Evans chose to appeal to this court instead.

Finally, we think that a continuance could have prejudiced Thomas a great deal. As previously mentioned, the conflict between Thomas and Evans was allegedly intensifying quickly and swift judicial action was seemingly justified. Further delay might have put Thomas at risk. Evans has not established an abuse of discretion in this regard.

## II. Whether Thomas's Petition Alleged Conduct Sufficient to Support a PO

Evans argues that Thomas failed to allege conduct in his petition that, even if true, would support a PO. Specifically, Evans contends that none of Thomas's allegations amount to "stalking" pursuant to Indiana Code sections 34-36-5-2(a)(2) (2011) and 35-45-10-5 (2011). Evans, however, did not make any argument on this basis below. As such, Evans has waived this argument for appellate consideration. It is well-settled that "a party may not raise a new argument for the first time on appeal." *Art Country Squire, L.L.C. v. Inland Mortg. Corp.*, 745 N.E.2d 885, 892 n.3 (Ind. Ct. App. 2001).

### III.  Whether the Trial Court was Required to Take Evidence

Evans, while acknowledging that he agreed to the issuance of the PO, contends that a full evidentiary hearing was nonetheless required and that public policy demands that this argument is unwaivable.  We disagree with Evans's latter contention and so do not reach the former.  Evans notes that one must understand what one is waiving and that the record of the hearing establishes that Evans "had no idea about the nature of the proceedings before him."  Appellant's Br. p. 23.  The record does not support this claim.  Our review of the transcript indicates that Evans seems to have understood very well what was happening, and, while his decision not to contest the issuance of the PO may now strike him as unwise, there is no indication that it was the product of confusion.

### IV.  Whether the Issuance of the Protection Order Denied Evans Due Process

Finally, Evans contends that his due process rights under the United States and Indiana Constitutions were violated.  Pursuant to the Due Process Clause of the Fourteenth Amendment, "[g]enerally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses."  *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 842 N.E.2d 885, 889 (Ind. Ct. App. 2006).  Article I, Section 12 of the Indiana Constitution provides that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law."  "The same analysis is applicable to both the federal and state claims."  *Ind. High Sch. Athletic Ass'n, Inc. v. Carlberg by Carlberg*, 694 N.E.2d 222, 241 (Ind. 1997).

Evans's argument in this regard is premised on his contentions that he had insufficient time to obtain legal representation and did not understand the proceedings.

6

As previously mentioned, however, we have little doubt that Evans could have found representation in the time available to him. As for Evans's contention that he was befuddled by the proceedings, we have already noted that the record indicates otherwise. In any event, Evans does not explain how either of these things, even if true, denied him notice, the opportunity to be heard, or the opportunity to confront witnesses. Evans has not established that his rights to due process and due course of law were infringed.

The judgment of the trial court is affirmed.

BAKER, J., concurs.

ROBB, C.J., concurs in result.