**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**JEREMY J. GROGG**
**ALLISON O. RAHRIG**
Burt, Blee, Dixon, Sutton & Bloom, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES:

**RANDALL W. GRAFF**
Kopka, Pinkus, Dolin & Eads, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BUSH TRUCK LEASING, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1304-CT-189 |
| | ) | |
| INDIANA FARMERS MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
Cause No. 49D13-1107-CT-28064

**October 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Bush Truck Leasing, Inc. ("Bush") filed a complaint for declaratory judgment and damages against Indiana Farmers Mutual Insurance Company ("Indiana Farmers"). Indiana Farmers moved for summary judgment, which the trial court granted following a hearing. Bush appeals and presents a single dispositive issue, namely, whether the trial court erred when it entered summary judgment in favor of Indiana Farmers.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 8, 2010, Eric Reed was driving a truck his company, Rapid Moving, LLC ("Rapid"), had leased from Bush when Ryan Howell, driving an SUV, ran a red traffic light and collided with Reed's truck. As part of the lease agreement Rapid and Bush had executed in April 2009, Rapid was required to obtain insurance for the truck Reed was driving at the time of the accident ("the truck"). Rapid had an existing "Commercial Lines Policy" with Indiana Farmers, and that policy had effective dates of June 1, 2008 through June 1, 2009. Effective April 2009, Rapid had named Bush as an "additional insured" on that policy "in regard[] to" two vehicles, including the truck involved in the July 2010 accident. Appellant's App. at 138. Thereafter, Rapid renewed its policy with Indiana Farmers for one year, effective on June 1, 2009. But on April 2, 2010, Indiana Farmers notified Rapid by mail that the policy would be terminated effective June 1, 2010.

After the accident on July 8, 2010, Bush attempted to file a claim of loss with Indiana Farmers only to learn that the policy had been terminated in June. On July 22,

2011, Bush filed a complaint against Indiana Farmers seeking declaratory judgment and alleging bad faith in denying the claim of loss. Bush then moved for summary judgment, which the trial court denied. Indiana Farmers moved for summary judgment, which the trial court granted following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

Bush contends that the trial court erred when it granted Indiana Farmers' summary judgment motion. Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

Bush contends that Indiana Farmers did not effect termination of the policy covering the truck prior to the accident in July 2010. In particular, Bush maintains that, as a named insured under the policy, it was entitled to notification of Indiana Farmers' intent to terminate the policy in April 2010, but it did not receive such notification. We cannot agree.

Indiana Code Section 27-7-6-6 provides in relevant part that "[n]o insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty (20) days' advance notice of its intention not to renew." On April 2, 2010, Indiana Farmers mailed a "Notice of Termination of Policy" to Rapid stating that, "[i]n accordance with the terms of your policy contract, all the coverages and all the liability of [Indiana Farmers] cease at 12:01 AM Standard Time on 06/01/10."[1] Appellant's App. at 133.

Bush maintains that it was entitled under the statute to notice of the policy non-renewal because it was a named insured under the policy. But the policy itself shows only Rapid as a "named insured." Id. at 159. Bush is merely listed as an "additional insured" on a certificate of liability dated April 2009 listing the "policy expiration date" as June 1, 2009. Id. at 138. There is no designated evidence showing that Bush was a named insured under the policy.

The case law Bush relies on for support of its contention on this issue is inapposite. But our opinion in Little v. Progressive Ins., 783 N.E.2d 307 (Ind. Ct. App. 2003), trans. denied, is on point. In Little, we interpreted the meaning of "named

---

[1] While the mailed notice was delineated as a "termination" of the policy, the policy renewal date was June 1, 2010, so, in effect, Indiana Farmers notified Rapid that it was not renewing its policy.

4

insured" as that term is used in Indiana Code Section 27-7-5-2, which gives a named insured the right to reject uninsured and underinsured motorist coverage. In Little, the named insured had rejected uninsured and underinsured motorist coverage. Little, who was not a named insured, was added to the policy as a "listed driver." Id. at 310. After Little was involved in an accident with an uninsured motorist, she filed a claim with Progressive, which it denied. On appeal, Little argued that "she should have had the right to reject uninsured and underinsured coverage just like a named insured" and that her failure to do so meant that her claim should have been paid. Id.

We rejected Little's contention and held:

In the insurance context, a "named insured" is "the person specifically designated in the policy as the one protected and, commonly, it is the person with whom the contract of insurance has been made." Black's Law Dictionary 1023 (6th ed. 1990). The term is not synonymous with "insured":

Every contract of insurance specifies an insured. The term "named insured" is not synonymous with "insured," but has a restricted meaning; it does not apply to any person other than those specified by name in the policy.

One can only become a named insured by being named as such on the policy and not by conduct.

In addition, policies of automobile liability insurance generally define certain other persons, commonly described by class, as additional or other insureds. The term "insured" is not limited to the named insured, but applies to anyone who is insured under the policy.

To qualify as an "insured" under a policy of automobile insurance, parties must either be the named insured or establish that they were a driver or occupant of a covered vehicle involved in an accident.

5

Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 110:1 (3rd ed. 1997) (hereinafter "Couch on Insurance") (emphasis added; footnote omitted).

"Named insured" is also not synonymous with "driver." For example, Couch on Insurance provides that "one listed in the policy, but only in the status of a driver of the vehicle, is not a named insured despite the fact that such person's name was physically in the policy." Id. Also, Couch on Insurance states that "a regular user of the vehicle, despite additional premiums charged for such use, is not given the status of a named insured where such person is not so named in the policy." Id. at § 110:4. Finally, Widiss's treatise on uninsured and underinsured motorist coverage provides:

> Designating an individual as a "driver" in a motor vehicle insurance policy does not mean that the person is a named insured. Although such an individual undoubtedly is covered when operating an insured vehicle, the individual does not become a "named insured" or a family member.

Widiss, Alan L., Uninsured And Underinsured Motorist Insurance § 33.2 (2nd ed. rev. 2001).

Regarding the determination of who, in fact, is a named insured, the third edition of American Law Reports provides:

> An automobile insurance policy ordinarily contains in the "declaration" section the printed word "Insured" or, more often, the words "Named Insured," followed by a space in which a typed name or names appear. To that extent, the term "named insured" is self-defining and the language of some cases restricts the meaning of the term to names so appearing.

John Harrington, Annotation, Who is "Named Insured" Within Meaning of Automobile Insurance Coverage, 91 ALR3d 1280 § 2[a]; see also id. § 3[a] (providing citations to twenty cases from sixteen jurisdictions in which courts have construed "named insured" to include only the person designated as such).

6

783 N.E.2d at 310-11. Likewise, here, the undisputed designated evidence shows that Rapid was listed as the named insured under the policy, but Bush was not. Bush's contention on this issue is without merit.

Still, Bush contends, in effect, that the certificate of liability conferred on Bush a right to notice of termination. But the certificate does not contain any language regarding notice of termination to an additional insured. In fact, the certificate provides only that Indiana Farmers will "endeavor" to provide advance notice of cancellation of the policy to the certificate holder named on the certificate, Toyota Motor Credit Corp., but that failure to provide such notice "shall impose no obligation or liability of any kind upon the insurer, its agents or representatives." Appellant's App. at 138. Thus, the only notice of cancellation required by law was to the named insured, Rapid. And Bush's coverage as an additional insured was not independent but was entirely derivative of Rapid's coverage.

Bush further argues that Indiana Farmers' notice to Rapid was inadequate in that it was sent to the wrong address. Therefore, Bush maintains, the policy had not been terminated at the time of the accident in July 2010, and Bush was covered under the policy. This argument fails for several reasons. First, Bush did not make this argument to the trial court and asserts it for the first time in its reply brief on appeal. Thus, the issue is waived. See Evans v. Thomas, 976 N.E.2d 125, 128 (Ind. Ct. App. 2012), trans. denied. Second, there is no designated evidence in the record showing that Bush was covered as an additional insured after June 2009, which is the expiration date listed on the certificate of liability identifying Bush as an additional insured. And third, and foremost,

7

the termination notice was sent to Rapid at an address in Ft. Lauderdale, Florida, which address appears on a "Business Auto Declarations" page dated June 1, 2009, and on three "Endorsements" regarding the policy dated March and April 2010. Appellant's App. at 44-47. Indiana Code Section 27-7-6-6 requires that the nonrenewal notice be sent to the named insured at the "address shown in the policy."[2] The trial court did not err when it entered summary judgment in favor of Indiana Farmers.

Finally, Indiana Farmers asks that we award appellate attorney's fees pursuant to Indiana Rule of Appellate Procedure 66(E). In particular, Indiana Farmers asserts that "[g]iven all of the . . . reasons as to why there is no coverage for the alleged loss, and certainly no basis for alleging insurer bad faith, Bush's pursuit of this appeal evidences its own bad faith and signifies a frivolous appeal." Brief of Appellee at 12. We cannot agree.

Our appellate rules authorize us to "assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." Ind. Appellate Rule 66(E). Damages will be assessed only where an appellant, <u>acting in bad faith</u>, maintains a wholly frivolous appeal. <u>Harness v. Schmitt</u>, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010) (citations omitted). While Appellate Rule 66(E) permits us to award damages on appeal, we must act with extreme restraint in this regard due to the potential chilling effect on the exercise of the right to appeal. <u>Id.</u> "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something

---

[2] The policy explicitly includes declarations pages and "any applicable endorsements." Appellant's App. at 8.

8

more egregious." Id.  Here, while we hold that Bush's contentions are without merit, we also hold that Indiana Farmers has not demonstrated bad faith on the part of Bush.  An award of appellate attorney's fees is not warranted.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.