## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.M., | March 31, 2016 |
| *Appellant-Respondent,* | Court of Appeals Cause No. 81A01-1507-PO-922 |
| v. | Appeal from the Union Circuit Court |
| H.H., | The Honorable Matthew R. Cox, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 81C01-1504-PO-58 |

**Barnes, Judge.**

## Case Summary

[1] D.M. appeals the trial court's grant of a protection order to H.H. We affirm.

# Issue

D.M. raises two issues, which we restate as:

I.      whether the trial court properly denied his motion for a continuance; and

II.     whether his due process rights were violated.

# Facts

D.M. and H.H. dated for several years. On April 14, 2015, H.H. filed a petition for a protection order and alleged that the relationship had become abusive and violent and that D.M. refused to return her personal possessions. On April 20, 2015, the trial court issued a notice to appear for a hearing on May 6, 2015. There is no indication in the record that the trial court issued an ex parte protection order. The Chronological Case Summary indicates that D.M. was served with the notice to appear by the sheriff's department on April 24, 2015. The notice to appear stated that the trial court had issued "an Ex Parte Order for Protection," informed D.M. of the hearing date, and stated "Please bring all documents and witnesses relating to this case with you to Court on your hearing date." App. p. 58(B). Both D.M. and H.H. appeared pro se for the hearing on May 6, 2015.

At the hearing, H.H. first testified regarding her allegations of D.M.'s abusive and violent behavior during an April 7, 2015 incident. H.H. also testified regarding her personal possessions that D.M. was refusing to return until she reimbursed him for money that she had borrowed. The trial court then asked for D.M.'s response to the allegations. D.M. stated:

A . . . I do . . . a . . . there are a number of inaccuracies or a untruths in which she has said. A . . . regarding the . . . the . . . her attack on me on that day . . . a . . . regarding other items in there. At this point in time I've not seen anything other than the paper that was dropped off by the deputy that I signed. And I've been advised to ask for a continuance so I have time to look at the materials that she has submitted, because I've not seen anything, and to seek legal counsel.

Tr. pp. 7-8. The trial court then denied D.M.'s motion for a continuance, and D.M. testified extensively regarding his relationship with H.H. At the end of the hearing, the trial court directed the parties to immediately exchange personal possessions. If there was a disagreement over ownership of any property, the trial court directed the parties to file a replevin action. The trial court also directed D.M. to file legal action to collect the debt owed by H.H. if he was concerned about receiving payment. The trial court took the petition for protection order under advisement. After the hearing, D.M. filed a letter to the trial court with attachments, which the trial court struck from the record and returned to D.M. On May 19, 2015, the trial court granted the protection order.

[5] On June 4, 2015, an attorney entered his appearance on behalf of D.M. On June 16, 2015, D.M. filed a motion to correct error. D.M. argued that the trial court should have granted his continuance so that he could have obtained counsel to assist him at the hearing. The trial court denied D.M.'s motion to correct error. D.M. now appeals.

# Analysis

At the outset, we note that H.H. did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. *Hill v. Ramey*, 744 N.E.2d 509, 511 (Ind. Ct. App. 2001). Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. *Id.* Prima facie, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet that burden, we will affirm. *Id.*

## I. Continuance

D.M. first argues that the trial court abused its discretion by denying his motion for a continuance. The decision to grant or deny a continuance is within the sound discretion of the trial court, and we will not reverse that decision unless the trial court has abused its discretion. *Evans v. Thomas*, 976 N.E.2d 125, 126-27 (Ind. Ct. App. 2012), *trans. denied*. A trial court abuses its discretion when it reaches a conclusion that is clearly against the logic and effect of the facts or the reasonable and probable deductions that may be drawn therefrom. *Id.* at 127. If good cause is shown for granting the motion, denial of a continuance will be deemed to be an abuse of discretion. *Id.*; *see* Ind. Trial Rule 53.5. Among the things to be considered on appeal from the denial of a motion for continuance, we must consider whether the denial of a continuance resulted in the deprivation of counsel at a crucial stage in the proceedings. *Evans*, 976 N.E.2d

at 127. We must also consider whether a delay would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. *Id.*

[8]     D.M. argues the trial court should have granted his motion for a continuance because he was not served with a copy of the petition for a protection order and because he was unaware of the allegations against him at the time of the hearing. According to D.M., he was unable to secure counsel in the eleven days between the time he was served and the time of the hearing despite contacting two attorneys. He contends that the denial of his motion for continuance resulted in the possibility that H.H. "gamed the system to accomplish [the] speedy return of her possessions." Appellant's Br. p. 13. Finally, D.M. argues that he was "ill prepared to counter H.H.'s accusations" at the hearing. *Id.* at 12.

[9]     We addressed a similar issue in *Evans*, 976 N.E.2d at 127. There, we held that the trial court did not abuse its discretion by denying a motion to continue in a protection order proceeding where the dispute between the parties was escalating, the respondent had five days to secure counsel, the trial court was willing to consider a modification of the protection order after respondent secured counsel, and a continuance could have significantly prejudiced the petitioner.

[10]    Here, H.H. alleged that D.M. had become abusive and violent with her on April 7, 2015, and she filed her petition for a protection order shortly thereafter on April 14, 2015. It was clear from H.H.'s and D.M.'s testimony that the

animosity between them was escalating. H.H. also alleged that D.M. was refusing to return her personal possessions, which she needed to earn an income.

[11] D.M. argues that he only had eleven days to obtain counsel, but we rejected a similar argument in *Evans*, where the respondent had only five days to obtain counsel. Further, although D.M. alleges that H.H. was "gaming" the system to obtain possession of her personal property, Indiana Code Section 34-26-5-9(c) specifically allows a trial court to address the possession and use of essential personal effects in a protection order. A delay in the proceedings would have prejudiced H.H., who was unable to obtain her personal possessions, which she used to earn income, despite police intervention in the matter.

[12] Finally, with regard to D.M.'s argument that he was unaware of H.H.'s allegations until the time of the hearing, we note that the order to appear specifically provided that H.H. was the petitioner and directed D.M. to bring his witnesses and documents related to the case. Given the short amount of time between the incident between the parties, H.H.'s ongoing efforts to retrieve her personal property, and the time of the hearing, D.M. should have been able to anticipate the subject of the hearing, and, in fact, he testified extensively about his relationship with H.H. Under these circumstances, we cannot say that the trial court abused its discretion by denying D.M.'s motion for a continuance.

## *II. Due Process*

[13] D.M. next contends that his due process rights under the United States and Indiana Constitutions were violated because he was not served with a copy of the petition for a protection order. The Due Process Clause of the Fourteenth Amendment, "'requires notice, an opportunity to be heard, and an opportunity to confront witnesses.'" *Evans*, 976 N.E.2d at 128 (quoting *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 842 N.E.2d 885, 889 (Ind. Ct. App. 2006)). Article I, Section 12 of the Indiana Constitution provides that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." "The same analysis is applicable to both the federal and state claims." *Id.*

[14] D.M., however, did not make a due process argument below. "Due process rights are subject to waiver, and claims are generally waived if raised for the first time on appeal." *Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010) (citing *In re K.S.*, 750 N.E.2d 832, 834 n.1 (Ind. Ct. App. 2001)), *trans. denied*. D.M. did not make a due process argument during the May 6, 2015 hearing or in his motion to correct error. Consequently, he cannot raise his due process claim for the first time on appeal. The claim is waived.

[15] Waiver notwithstanding, D.M. argues that he was not served with a copy of H.H.'s petition for a protection order, and he was unaware of the claims against him. D.M. had eleven days prior to the hearing to request a continuance or obtain a copy of the petition, but he failed to do so. D.M. did not request a continuance until the hearing had already started and H.H. had already testified

regarding her allegations. Further, as we have discussed, given the short amount of time between the incident between the parties, H.H.'s ongoing efforts to retrieve her personal property, and the time of the hearing, D.M. should have been able to anticipate the subject of the hearing, and, in fact, he testified extensively about his relationship with H.H. D.M. has not established that his due process rights were violated. *See, e.g., Evans*, 976 N.E.2d at 128 (rejecting the respondent's argument that his due process rights were violated).

## Conclusion

[16] The trial court did not abuse its discretion by denying D.M.'s motion for a continuance, and D.M. has not established that his due process rights were violated. We affirm.

[17] Affirmed.

Robb, J., and Altice, J., concur.