## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2016, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Grace B. Atwater
Joshua Moudy
Kammen & Moudy
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose L. De La Garza, *Appellant-Respondent,* | July 13, 2016 |
| v. | Court of Appeals Case No. 49A02-1512-PO-2107 |
| | Appeal from the Marion Superior Court |
| M.C., *Appellee-Petitioner* | The Honorable Anne Flannelly, Magistrate |
| | Trial Court Cause No. 49G21-1509-PO-32342 |

**Baker, Judge.**

[1] Jose L. De La Garza appeals the trial court's order entering a protective order preventing De La Garza from having any contact with his ex-wife, M.C., or their minor children. De La Garza argues that the trial court erred by denying his motion to continue the protective order hearing. Finding no error, we affirm.

## Facts

[2] De La Garza and M.C. were married and have two minor children in common. They divorced in 2014. On September 30, 2015, M.C. filed a petition for a protective order, and the trial court entered an ex parte order granting the petition on the same day and eventually scheduled a hearing on M.C.'s petition for November 10, 2015. The trial court notified De La Garza of the ex parte order and the pending November 10 hearing.[1]

[3] On November 9, 2015, someone retained an attorney on De La Garza's behalf. At that time, De La Garza was in Mexico and counsel was unable to speak with De La Garza before the hearing began the following day. At the hearing, the attorney requested a continuance because he had not been able to speak with his client. The trial court denied the motion, noting that the hearing had been scheduled for over one month and that "not only is [De La Garza] not here, he's out of the country." Tr. p. 6.

---

[1] De La Garza does not argue that he did not receive notice of the ex parte order or the order scheduling the November 10 hearing, or that the notice was in any way defective.

[4]     At the hearing, M.C. testified that she sought the protective order for the following reasons:

- When the parties were still married, De La Garza physically assaulted M.C. twice in front of their children. At one time when M.C. was pregnant, he strangled her until she lost consciousness.
- Since she and De La Garza separated in 2014, he began threatening her. He threatened to kill her if she left the house; he threatened to take the children to Mexico with him; and he threatened to kill M.C. if she ever returns to Mexico.
- After they separated, M.C. and the children were living in McAllen, Texas. De La Garza did not live with them but would frequently enter their apartment without M.C.'s permission and she was "very scared" of him. *Id.* at 9.
- Before M.C. and the children fled to Indiana to escape De La Garza, he told her "not to sleep peacefully because one day he was going to come to kill me. That's why I picked up my children and I left [Texas]." *Id.*
- De La Garza owns firearms and frequently alluded to that fact when he was threatening M.C.

At the close of the hearing, the trial court granted M.C.'s request for a protective order, which prevents De La Garza from having any contact with M.C. or their children. De La Garza now appeals.

## Discussion and Decision

[5]     De La Garza's sole argument on appeal is that the trial court erred by denying his request for a continuance of the hearing. M.C. has not filed an appellee's brief. We need not develop an argument on her behalf, and may reverse if De La Garza is able to establish prima facie error—error on the face of the order being appealed. *Evans v. Thomas*, 976 N.E.2d 125, 126 (Ind. Ct. App. 2012).

[6] The decision to grant or deny a motion to continue is within the trial court's sound discretion. *Id.* at 126-27. Among the things to be considered on appeal from the denial of a motion to continue is whether the denial of the motion resulted in the deprivation of counsel at a crucial stage in the proceedings. *Id.* at 127. We also consider whether a continuance would have prejudiced the opposing party to an extent sufficient to justify denial of the continuance. *Id.*

[7] In this case, De La Garza was represented by counsel at the hearing. We acknowledge that counsel had been retained a mere twenty-four hours before the hearing and had not had the opportunity to confer with his client, but counsel did an admirable job on his client's behalf nonetheless. He conducted a vigorous cross-examination of M.C., doing his best to poke holes in her version of events and arguing strenuously that the protective order was not warranted.

[8] Additionally, we note that De La Garza had notice of the hearing for over a month but neglected to retain counsel until the day before the hearing. His own delay does not justify a continuance. Furthermore, we note that despite having ample notice of the hearing, De La Garza did not attend. Indeed, he did not even bother returning to the country.

[9] While we acknowledge that the ex parte protective order was in place and that, consequently, M.C. would not have been prejudiced by a continuance, we find that the trial court did not err by concluding that De La Garza did not provide a sufficient justification to delay the proceedings. Therefore, we hold that the trial court did not err by denying De La Garza's motion to continue.

The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.