FILED

Oct 17 2016, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Charles J. Davis Sr.
Carlisle, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles J. Davis Sr.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Jay Phelps,<br>Bartholomew County Clerk,<br><br>*Appellee-Respondent* | October 17, 2016<br><br>Court of Appeals Case No.<br>03A01-1604-PL-928<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Stephen R.<br>Heimann, Judge<br><br>Trial Court Cause No.<br>03C01-1601-PL-390 |

**Baker, Judge.**

[1] Charles Davis Sr. appeals the trial court's order dismissing his complaint for failure to make a timely payment of filing fees. Finding that the trial court was statutorily required to give Davis forty-five days to make the payment, but gave him only thirty days, and that Davis made the required payment within forty-five days, we reverse and remand.

[2] On January 19, 2016, Davis filed a complaint against Jay Phelps, the Bartholomew County Clerk, for an alleged violation of the Indiana Access to Public Records Act. Because Davis is incarcerated, he filed a motion for waiver of the filing fees. On March 2, 2016, the trial court entered an order denying Davis's motion and requiring Davis to "pay filing fees in the sum of $17.18 within 30 days of this Order." Appellant's App. p. 5. On April 5, 2016, the trial court entered an order dismissing the complaint because Davis had not yet paid the filing fees. On April 11, 2016, the trial court received Davis's check for $17.18; it returned the check because the complaint had been dismissed. Davis now appeals.

[3] Initially, we note that the appellee has not filed a brief in this appeal. Therefore, we need not develop an argument on his behalf and may reverse if Davis is able to establish prima facie error—error on the face of the order being appealed. *Evans v. Thomas*, 976 N.E.2d 125, 126 (Ind. Ct. App. 2012).

[4] Indiana Code section 33-37-3-3 provides that, as a general rule, incarcerated persons must pay a partial filing fee. The offender may claim that there are special circumstances and request relief from the partial filing fee requirement.

Ind. Code § 33-37-3-3(c). If the trial court denies the request to waive all filing fees, "the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow." I.C. § 33-37-3-3(d). The plain language of this statute clearly indicates that, at the least, the trial court must afford the offender with forty-five days to pay the partial filing fee. The trial court may give the offender *more* time, but there is nothing in the statute permitting the trial court to afford the defendant *less* than forty-five days to make the payment.

[5] In this case, the trial court gave Davis only thirty days from the date of the order denying his motion for waiver of the partial filing fees to make the required payment. Based on the plain language of the relevant statute, Davis should have been afforded at least forty-five days. And the trial court did, in fact, receive Davis's payment on April 11, 2016—less than forty-five days after March 2, 2016, when the order was entered.[1] Given the plain language of Indiana Code section 33-37-3-3(d), we reverse the trial court's order dismissing Davis's complaint and remand with instructions to Davis to re-send the filing fee of $17.18 within forty-five days of the certification of this decision and for further proceedings.

---

[1] Davis also argues on appeal that the prison mailbox rule should be applied to this case and that, if that rule applies, his payment was timely sent even if we found that the thirty-day time limit was proper. Because we find that the thirty-day time limit was not proper and that his payment was received by the trial court within forty-five days, we will not address his arguments regarding the prison mailbox rule.

[6]     The judgment of the trial court is reversed and remanded with instructions to Davis to re-send the filing fee of $17.18 within forty-five days of the certification of this decision and for further proceedings.

Vaidik, C.J., and Najam, J., concur.