## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2019, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles J. Davis, Sr.
Carlisle, Indiana

ATTORNEY FOR APPELLEE

Joseph M. Hendel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles J. Davis Sr.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Bartholomew County Clerk,<br>*Appellee-Defendant* | February 5, 2019<br><br>Court of Appeals Case No.<br>18A-PL-1797<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>The Honorable Timothy Day,<br>Special Judge<br><br>Trial Court Cause No.<br>03C01-1601-PL-390 |

**Altice, Judge.**

## Case Summary

[1] Charles E. Davis Sr., pro se, filed a complaint against Bartholomew County Clerk Jay Phelps (the Clerk) for an alleged violation of the Indiana Access to Public Records Act (the Act). Davis sought compensatory damages, a civil penalty, and an order for the Clerk to produce the records requested by Davis. The trial court awarded Davis $193.62 for costs and expenses incurred by him in bringing the action. The court, however, denied the request for a civil penalty against the Clerk and concluded that the Clerk was not obligated to produce any of the records requested by Davis. On appeal, Davis argues that the trial court abused its discretion by refusing to impose a civil penalty and by not ordering the Clerk to provide him with the requested records.

[2] We affirm.

### Facts & Procedural History

[3] On or about October 6, 2015, Davis mailed from prison a public records request to Phelps as the Bartholomew County Clerk. In summary, Davis requested from the Clerk all documents pertaining to the jury seated in his criminal jury trial commenced on June 28, 2011,[1] the recordings to all of the hearings conducted in the criminal trial "in a format that can be played by 'any'

---

[1] There is confusion throughout the record regarding the correct cause number for this criminal trial. In his initial request sent to the Clerk, Davis listed the cause number for his criminal trial as 03C01-1101-FA-00520. In later filings with the trial court in this case, he listed the cause number as 03D01-1101-FB-00520 (a non-existent cause number). In his appellate brief, he references cause number 03D01-1101-FA-00520.

windows media player",[2] and "any correspondence files and other records including but not limited to emails and other digital records received by the Court or sent from the Court to any person". *Appellant's Appendix* at 15.

[4] When the Clerk did not timely respond to the request,[3] Davis filed a formal complaint with the Indiana Public Access Counselor (the Counselor) on November 10, 2015. The Counselor notified the Clerk of the formal complaint and requested a response by November 30, 2015. The Clerk apparently sent a response on November 19, 2015, explaining, among other things, that the records sought by Davis are not kept in the Bartholomew County Clerk's Office. For some unknown reason, the Counselor did not receive the Clerk's response.

[5] On December 23, 2015, the Counselor issued an advisory opinion without the benefit of the Clerk's response. Additionally, the Counselor incorrectly identified the respondent as the Bartholomew Circuit Court rather than the Clerk. That same day, the Counselor was notified of this error by the Judge Stephen R. Heimann of the Bartholomew Circuit Court. Judge Heiman also forwarded the response previously provided by the Clerk. Accordingly, the Counselor amended the advisory opinion to state in relevant part:

---

[2] Davis had already received from the Bartholomew Superior Court No. 1 the actual audio recordings of the criminal proceedings but in a format that he could not access in prison.

[3] A public records request made by mail is deemed denied once seven days have elapsed from the date the public agency receives the request and does not respond. *See* Ind. Code § 5-14-3-9(c).

> While [the Clerk] has stated the reasons why public records were not disclosed to you, he did not state why no acknowledgement was provided to you pursuant to Ind. Code § 5-14-3-9(c). Therefore, while the denial may ultimately be proper (although not the subject of your complaint); the procedure for acknowledgment still appears to be deficient and the original conclusion stands.

*Appellant's Appendix* at 18. Thus, the Counselor determined that the Clerk had violated the Act by failing to comply with the seven-day deadline for responding to public access requests.

[6] On January 19, 2016, Davis filed the instant pro-se complaint against the Clerk for violating the Act. Davis sought an order for the Clerk to provide any of the requested documents/materials that are in the Clerk's possession. He also requested expenses under I.C. § 5-14-3-9(i) and a civil penalty pursuant to I.C. § 5-14-3-9.5. The Clerk responded to the complaint and acknowledged that he had failed to respond to Davis's public records request within seven days. The Clerk contended that had he filed a timely response, the response would have been that the Clerk is not the custodian of the information requested, Davis failed to specifically designate the audio or digital format that he sought in his second enumerated request, and Davis's third enumerated request was overly broad and failed to sufficiently specify the documents being requested.

[7]     After several delays, including a dismissal that was reversed on appeal,[4] the trial court held a hearing on February 27, 2018, at which it sought to clarify the issues. Specifically, the parties agreed that there was no dispute that the Clerk had violated the Act by failing to timely respond to Davis's public records request. The trial court, therefore, determined that the remaining issues were "damages" and "what records the Clerk might have in [his] possession, that [Davis] would be entitled to." *Transcript* at 9. Davis affirmatively agreed to a hearing on these two unresolved issues, and the trial court scheduled a hearing for April 27, 2018. Finally, observing that Davis's original request was "very broad", the trial court instructed him to bring a "list of everything that you feel you're entitled to from the Clerk, so that we can go through them item by item" at the next hearing. *Id*. at 13, 12.

[8]     On March 14, 2018, Davis filed a list of records, documents, and/or recordings that he was seeking from the Clerk. Specifically, he requested:

> 1. A list of the payments paid to the Jury panel for service during the trial of Cause No. 03D01-1101-FB-00520….
>
> 2. A copy from the server of all recorded proceedings of Cause No. 03D01-1101-FB-00520 in a format that can be played in any Windows Media player….

---

[4] In *Davis v. Phelps*, 62 N.E.3d 430 (Ind. Ct. App. 2016), this court reversed the trial court's dismissal of Davis's complaint due to his failure to pay the partial filing fee within thirty days. Based on Ind. Code § 33-37-3-3(d), we held that as an inmate, Davis was statutorily entitled to forty-five days to pay the fee.

3. Copies of all cashed checks, with no redactions except bank routing numbers, not any part of the name or signature of the payee redacted [for all jury members in the criminal trial].

4. Any communications (letters, Emails, phone logs) between Chris D. Monroe and Steven Lancaster the Court Administrator of the Indiana Court of Appeals or Indiana Supreme Court concerning Cause No. 03D01-1101-FB-00520.

5. Any records and documents concerning the request from the Bartholomew County Superior Court 1 to the Indiana Supreme Court requesting the jury panel list for the Jury trial of Cause No. 03D01-1101-FB-00520.

*Appellee's Appendix* at 99-100.

[9] On April 27, the trial court held an evidentiary hearing on the remaining issues. Davis submitted an affidavit that indicated he had accrued a total of $193.62 in expenses during the two years of litigation in this case. In addition to the recovery of these expenses, Davis requested that the trial court impose a $100 civil penalty on the Clerk. Regarding the requested records, Davis indicated that he believed the Clerk had "access to some of those records." *Transcript* at 22. The Clerk submitted the affidavit of the Auditor of Bartholomew County, Barbara Hackman, who averred that one of her duties as auditor is to process payments to jurors for jury service and that the Clerk plays no role in that process. According to Hackman, "[a]ll records, payments, accounts, names, etc. for jurors are maintained in the Auditor's Officer and not in the office of [the Clerk]." *Id*. at 25. Finally, the Clerk testified that he was not the custodian of any of the records sought by Davis. The Clerk specifically testified that he

did not have access to records of juror payments, recordings from court cases, or emails/phone logs/letters of any of the judges. The Clerk acknowledged that he had sent a redacted juror payment list to Davis, which had been obtained from the Auditor's Office. The last names of jurors were redacted on the advice of the county attorney.

[10] The trial court issued its order on June 20, 2018, awarding expenses in the amount of $193.62 to Davis due to the Clerk's failure to timely respond to the records request. The court, however, "decline[d] to assess any further penalties against" the Clerk and "determined that the [Clerk was] not obligated to produce any of the documents or things requested by [Davis]."[5] *Appellant's Appendix* at 31. Davis now appeals from this order.

## Discussion & Decision

### *Civil Penalty*

[11] Davis argues that the Clerk should have been required to pay a civil penalty in the amount of $100 due to the Clerk's violation of the Act. I.C. § 5-14-3-9(j) provides that the trial court "may assess a civil penalty under section 9.5 of this chapter if the plaintiff obtained an advisory opinion from the public access counselor before filing an action…." I.C. § 5-14-3-9.5(e), however, makes clear

---

[5] In the order, the trial court separately addressed each of the items sought by Davis and concluded that none of the records were maintained by the Clerk. Additionally, the court concluded that the identity of the jurors in his 2011 trial is not information to which Davis is entitled.

that a civil penalty may not be imposed unless the Counselor had issued an advisory opinion "that instruct[ed] the public agency to allow access to the public record". Davis ignores this requirement, which was clearly not met in this case. Although the Counselor issued an advisory opinion prior to the filing of this action, the Counselor did not instruct the Clerk to allow access to the requested records and, in fact, expressly noted that "the denial may ultimately be proper (although not the subject of your complaint)". *Appellant's Appendix* at 18. Accordingly, Davis was not entitled to recover a civil penalty.

*Obligation to Produce Requested Records*

[12] Davis next asserts that the trial court erred when it refused to order the Clerk to provide him with the records as requested. His arguments in this regard are short, not supported by relevant authority, and rather difficult to follow.

[13] First, he baldly asserts that since the Clerk provided him with the redacted copy of the juror payment list (obtained from the Auditor's Office), the Clerk was required to produce all records as requested because the Clerk "waived any argument concerning the production of those records." *Appellant's Brief* at 9. We find this argument waived for Davis's failure to provide us with cogent reasoning and citation to any authority. *See* Ind. Appellate Rule 46(A)(8)(a); *see also K.S. v. D.S.*, 64 N.E.3d 1209, 1212 (Ind. Ct. App. 2016) (explaining that a party waives any issue for which it fails to develop cogent argument or provide adequate citation to authority).

Second, Davis argues that he is entitled to know the identity of each juror that served on his June 2011 criminal trial. In support, he cites to a statute that was repealed in 2007, Indiana Jury Rule 10,[6] and a case addressing the propriety of empaneling an anonymous jury.[7] Davis then simply asserts that "because the trial court did not impanel [sic] an anonymous jury then Jury Rule 10 enables Davis to have the personal information of the jurors". *Appellant's Brief* at 9. We do not follow Davis's logic, and Davis makes no attempt to explain how Jury R. 10 applies years after his criminal trial to require the disclosure of cancelled checks and the payment list of the jurors. It does not.

Judgment affirmed.

Najam, J. and Pyle, J., concur.

---

[6] Jury R. 10 provides: "Personal information relating to a juror or prospective juror not disclosed in open court is confidential, other than for the use of the parties and counsel. The court shall maintain that confidentiality to an extent consistent with the constitutional and statutory rights of the parties."

[7] *Major v. State*, 873 N.E.2d 1120, 1127 (Ind. Ct. App. 2007) (holding that to empanel an anonymous jury, the trial court must make a factual determination that the jury needs protection and must take reasonable precautions to minimize the potential prejudice to the defendant and ensure that the defendant's fundamental rights are protected), *trans. denied*.